UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| LOUIS CASTRO, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6: 14-188-DCR |
| ) | |
| V. ) | |
| ) | |
| J. C. HOLLAND, WARDEN, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Louis Castro is an inmate confined by the Bureau of Prisons ("BOP") in the United Penitentiary-McCreary in Pine Knot, Kentucky. Proceeding without an attorney, Castro has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his federal drug and firearm convictions. Because a § 2241 petition is not the proper vehicle for obtaining the relief sought, Castro's petition will be denied.

**I.**

Following several bungled attempts, Castro used a boat to import cocaine to the United States from a "mother ship" off the coast of Columbia in 1988. In August 1988, a federal jury in a Louisiana convicted Castro of the following drug and firearm offenses: (i) conspiring to possess with intent to distribute approximately 450 kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) & 846; (ii) possessing with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; (iii) conspiring to import cocaine in violation of 21 U.S.C. §§ 952(a), 960(a)(1), & 963; (iv) importing of cocaine in violation of

21 U.S.C. §§ 952(a) & 960(a)(1) and 18 U.S.C. § 2; and (v) using or carrying a firearm during the commission of a drug trafficking crime in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. 924(c) (1).  *United States v. Castro*, No. 88-CV-371-H (E. D. La. 1988); *United States v. Castro*, 874 F.2d 230 (5th Cir. 1989), *cert. denied*, 110 S.Ct. 138 (1989).[1]

In October 1988, the district court sentenced Castro to four concurrent life prison terms on counts one through four to run consecutively to a sentence imposed in a prior Florida case, and to a five-year prison term on count five to run consecutively to counts one through four.  The district court also imposed terms of supervised release.  On May 1, 1989, Castro's conviction and sentence were affirmed by the Fifth Circuit.  *United States v. Castro*, 874 F.2d 230 (5th Cir. 1989), *cert. denied*, 110 S.Ct. 138 (1989).

In October 1995, Castro filed a motion in the district court seeking to vacate his sentence pursuant to 28 U.S.C. § 2255.  Castro raised four issues, arguing that: (i) the district court erred when it sentenced him to life imprisonment without parole for counts one through four of the indictment; (ii) the district court committed an *ex post facto* violation when it applied the amended federal conspiracy statute providing for mandatory minimums in connection with his conspiracy conviction; (iii) the firearm used to support his conviction under count five was "tainted by government abuse;" and (iv) he received ineffective assistance of counsel during his criminal proceeding.

---

1  The Court cannot electronically access the docket sheet in Castro's 1988 criminal case because the case predates the advent of the PACER, the federal court's on-line data-base system.  The Court has obtained information about Castro's criminal proceeding from various decisions reported in Westlaw and from other information contained in his related civil habeas cases, which is electronically accessible through PACER.

On December 11, 1995, the district court denied all of Castro's § 2255 claims, with the exception of the five-year supervised release terms imposed as to counts one and three. Based on a 1980 Supreme Court decision which held that a special parole term cannot be imposed when a statute provides for punishment only by imprisonment or fine or both, the district court amended Castro's sentence to delete the supervised release terms imposed on counts one and three. Castro appealed adding a new claim alleging that his conviction on count five, using or carrying a firearm during and in relation to a drug trafficking crime, was improper after the Supreme Court's decision in in *Bailey v. United States*, 516 U.S. 137 (1995).

The Fifth Circuit affirmed the denial of Castro's § 2255 motion. *United States v. Castro*, 1996 WL 731568, 103 F.3d 126 (5th Cir. Dec. 3, 1996) (unpublished table opinion). The appellate court determined that none of Castro's original claims had merit and that it would not address the merits of Castro's *Bailey* claim challenging his § 924(c)(1) firearm conviction because he had not included that claim in his § 2255 motion. *Id*. at *4–*7. In a footnote, however, the court questioned the validity of that claim, noting that the indictment charged Castro with knowingly and intentionally using and carrying a firearm, and that witnesses had testified at trial that Castro kept his weapon on his person for a significant portion of the voyage to and from the "mother ship," and that Castro demanded to have his weapon back because "'it was like a security blanket.'" *Id*., at p. *7 n.15.

Between 2001 and 2003, Castro filed a series of successive § 2255 motions in an effort to collaterally challenge his conviction and sentence. The district court promptly transferred each motion to the United States Court of Appeals for the Fifth Circuit for filing

-3-

authorization pursuant to 28 U.S.C. § 2244(b)(3). The Fifth Circuit denied Castro permission to file a successive § 2255 motion in two of these cases, *see In Re Castro*, No. 01-31009 (5th Cir. Nov. 16, 2001); *In Re Castro*, No. 03-31187 (5th Cir. Feb. 13, 2004), and dismissed the third case because Castro failed to comply with a notice entered on September 4, 2002, *see In Re Castro*, No. 02-30866 (5th Cir. Oct. 23, 2002).

## II.

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court must deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Because Castro is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Thus, at this stage of the case, Castro's factual allegations are accepted as true and his legal claims are liberally construed.

In his original § 2241 petition, Castro provided no information in support of his claims, other than to allege that he has been wrongfully imprisoned for more than 18 years. [Record No. 1] Castro's amended § 2241 petition is, in many passages, unintelligible and devoid of substance. [Record No. 9] Castro listed numerous dates, docket entries (presumably from his cases), federal civil rules of procedure, and other abstract legal terms, but failed to explain how any of that jumbled information supports or even applies to his claims under § 2241. Castro has also made disjointed statements about the circumstances under which attorneys should be allowed practice a case *pro hac vice*, but neglected to

explain the relevancy of that issue. Castro also obliquely referred to his trial counsel but his rambling comments and incomplete sentences make no sense. [*Id*. p. 8, ¶ 14] Castro indicates that some irregularity occurred during sentencing with respect to the pre-sentence investigation report, but again, his fragmented words and phrases fail to convey even basic facts that would support a claim on that issue. [*Id.* at p. 8]

Castro asserted only two recognizable claims in the amended § 2241 petition. They are as follows: (i) when the district court calculated his prison term and sentenced him on October 19, 1988, it committed an *ex post facto* violation which resulted in an increased prison term, and (ii) the government failed to prosecute him diligently and engaged in unspecified misconduct, resulting in delay and abuse of discretion. [*Id.*, at pp. 5, 7]

**III.**

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (*i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999). The Sixth Circuit has explained the difference between the statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (quoting *Charles*, 180 F.3d 755–56). In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

The "savings clause" in § 2255(e) provides a narrow exception to this rule. Under this provision, a prisoner may challenge the legality of his conviction through a § 2241 petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e). This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756. Alternatively, a prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). "One way to establish factual innocence is to show an 'intervening change in the law that establishes [the petitioner's] actual innocence.'" *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012) (quoting *Peterman*, 249 F.3d at 461–62). Castro bears the burden to establish that his remedy under § 2255 is inadequate or ineffective. *Charles*, 180 F.3d at 756.

Castro is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. Instead, he seeks to challenge the length of his prison term and alleges — in broad, general terms — that the government failed to diligently prosecute him and engaged in unspecified prosecutorial misconduct. To the extent that Castro claims that the district court committed an *ex post*

*facto* violation by incorrectly applying the federal sentencing guidelines and imposing an excessive prison term, he has not alleged grounds entitling him to relief under § 2241. Castro previously asserted that very same *ex post facto* sentencing claim in his original § 2255 motion which he filed in 1995. The district court addressed and rejected that claim. The remedy under § 2255 is not inadequate where a petitioner asserted a claim but was denied relief on it. *Charles*, 180 F.3d at 756–58; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002). Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758; *see Lucas v. Berkebile*, No. 7:11–28–HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241 is not available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255."). Castro cannot proceed under § 2241 by way of the savings clause of § 2255 to regurgitate the same claim which was rejected in his § 2255 proceeding.

Moreover, Castro's claim challenging the length of his sentence fails because claims of sentencing error do not qualify as "actual innocence" claims under § 2241. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). Castro does not claim that he is actually innocent of the underlying drug and firearm offenses of which he was convicted. In other words, he has not alleged that he "stands convicted of 'an act that the law does not make criminal.'" *Carter v. Coakley*, No. 4:13 CV 1270, 2013 WL 3365139 (N.D. Ohio July 3, 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). The savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their convictions, not their sentences. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) ("Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under §

2241."); *Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012).

Castro next asserts that the government failed to diligently prosecute him and engaged in unspecified prosecutorial misconduct. Presumably, Castro contends that these alleged actions (or inactions) denied him due process of the law in violation of the Fifth Amendment of the United States Constitution. Castro could and should have asserted these construed Fifth Amendment due process claims at trial, on direct appeal,[2] or at the very latest, in his original § 2255 motion which he filed in the district court in 1995, as any and all facts underlying these claims would or should have been known to him at that time. Again, the remedy under § 2255 is not inadequate where a petitioner failed to assert a legal argument in a § 2255 motion. *Charles*, 180 F.3d at 756–58; *Rumler*, 43 F. App'x at 947. Because it does not appear that Castro asserted these claims in his § 2255 motion, he has not demonstrated that his prior remedy under § 2255 was inadequate or ineffective to challenge his federal detention.

Additionally, Castro does not point to any applicable Supreme Court decision which would apply retroactively and afford him relief from his conviction. Castro's claims in this proceeding are so inarticulate that they are almost non-existent, but any broadly-construed actual innocence claim fails because, as the Fifth Circuit noted, "the evidence of Castro's guilt was overwhelming." *United States v. Castro*, 874 F.2d at 233; *see Smith v. Snyder*, 22

---

2  On direct appeal of his criminal conviction, Castro raised another claim alleging prosecutorial misconduct, claiming that the prosecutor made inflammatory remarks during closing arguments. The Fifth Circuit rejected that argument. *See United States v. Castro*, 874 F.2d at 232-33.  In that appeal, Castro could and should have also asserted the new prosecutorial misconduct claims that his asserts in this § 2241 petition.

F. App'x 552, 553 (6th Cir. 2001) ("It is proper for a federal court in a post-conviction proceeding to rely on the factual conclusions made by an appellate court in the same case"); *Myers v. United States*, 198 F.3d 615, 619 (6th Cir. 1999)

In summary, because Castro has neither carried his burden of showing that his remedy under § 2255 was inadequate to challenge his federal conviction, nor established a claim of actual innocence, he is not entitled to relief from his conviction under § 2241.

**IV.**

For the reasons discussed above, it is hereby

**ORDERED** as follows:

1. Louis Castro's 28 U.S.C. § 2241 petition for a writ of habeas corpus [Record No. 1] is **DENIED**;

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This 26th day of January, 2015.



Signed By:
*Danny C. Reeves* DCR
United States District Judge